# Lawrence v. Malloy

C.P. of Lackawanna County, no. 05-CV-761.

*James Colleran* and *David Colleran,* for plaintiffs.
*Patrick Carey,* for defendants.

MINORA, *J.,* September 9, 2005—Before the court are two sets of preliminary objections filed by defendants, Edwin S. Malloy M.D. and Scranton Orthopedic Specialists P.C. The plaintiffs have filed a response to both sets of objections including their own preliminary objection to the defendants' preliminary objections. This matter has been submitted to the court on the basis of the parties' briefs and is therefore ripe for adjudication.

## STATEMENT OF THE CASE

This medical professional liability action was instituted by plaintiffs' complaint filed on February 24, 2005. Three separate certificates of merit were filed on March 7, 2005, regarding the treatment provided by defendants, Dr. Malloy; Steindel, Malloy, Cronkey & Chiavacci Ltd.; and Scranton Orthopedic Specialists P.C. The certificates of merit indicate that the handling of Mrs. Lawrence's medical condition was below the acceptable professional standards required. The complaint indicates that at all times relevant to this matter, Dr. Malloy has been a duly licensed physician authorized to practice medicine in the

Commonwealth of Pennsylvania, specializing in orthopedic surgery. The plaintiff also asserted that at all times during the course of the alleged misconduct, defendant, Steindel, Malloy, Cronkey and Chiavacci Ltd., has been a professional corporation organized under the laws of Pennsylvania. Likewise, at all material times to the complaint, defendant, Scranton Orthopedic Specialists P.C., has been operating as a professional corporation formed under the laws of the Commonwealth of Pennsylvania.

As set forth in the complaint, the plaintiff-wife, Carolyn Lawrence, fell, injuring her right wrist on March 6, 2003. How the fall occurred is never explained. Immediately after the fall, plaintiff-wife was taken to the Community Medical Center where x-rays were taken of the injured wrist, revealing a displaced fracture of the distal radius and a fracture across the base of the ulnar styloid. The wrist was splinted and plaintiff-wife was instructed by an employee of the hospital to follow up with an exam by an orthopedic surgeon. The next day, plaintiff-wife was examined by Dr. Malloy who diagnosed the problem as a "minimally displaced" Colles fracture of the right wrist. (See complaint, ¶9.) During the initial visit, Dr. Malloy advised his patient that he did not believe surgery was necessary and, alternatively, immobilized the wrist with a cast. Three weeks later, on March 28, 2003, plaintiff-wife returned to Dr. Malloy as she was instructed, by which time the fracture displaced further. At that point, Dr. Malloy allegedly explained that surgery was not a viable option to realign the fracture. According to Dr. Malloy's notes of May 9, 2003, he concluded the fracture "collapsed," acknowledging that this was an "unacceptable result." (See complaint, ¶11.) The

complaint further quotes Dr. Malloy's records which state "[t]his is a case where we should have operated and used internal fixation. When I first saw her I thought it was fairly stable and that we would do all right [sic] with conservative treatment. Had I to do it over again, I would have plated the distal radius." (*Id.*) As alleged, on two separate visits made by plaintiff-wife to Dr. Malloy in June of 2003, the medical records of those visits indicate that Malloy continued to question the manner in which he treated the wrist fracture. (*Id.,* ¶12.)

The plaintiff-wife continued to experience pain, paresthesias, decreased mobility and functionality in the right hand and wrist, so she sought a second opinion of David S. Zelouf M.D. On June 4, 2004, plaintiff consulted with Dr. Zelouf, who concluded that major reconstructive surgery was crucial for improvement of the plaintiff-wife's then current condition. Plaintiff asserts that the injuries to her wrist are now permanent.

Count I of the complaint is asserted by plaintiff-wife, Carolyn Lawrence, against all named defendants and is grounded in medical negligence in regard to the care and treatment provided to Mrs. Lawrence. Count II of the complaint is asserted by Anthony Jackson Lawrence, Carolyn's husband, against all named defendants for loss of consortium and society. Defendants, Dr. Malloy and Scranton Orthopedics, present preliminary objections to the plaintiff's complaint in the form of motions for more specific pleading for failure to conform to rules of law and motions to strike, or, alternatively, motions for more specific pleading for the insufficient specificity of the pleading. Each motion will be discussed below.

## DISCUSSION

### I. *Preliminary Objection: Failure To File Pleading in a Timely Manner*

We shall begin our analysis with the preliminary objections filed as the plaintiffs' response to the separate defendants' preliminary objections. The plaintiffs assert that defendants, Dr. Malloy and Scranton Orthopedics, did not file the preliminary objections in a timely manner. Plaintiffs urge that, according to Pa.R.C.P. 1026, all pleadings subsequent to the complaint must be filed within 20 days of service.

The plaintiffs count the time within which the defendants had to file objections from March 2, 2005, which was the date the complaint was filed. According to their estimation, Scranton Orthopedics' preliminary objections, filed April 29, 2005, were 58 days late, while Dr. Malloy's preliminary objections, filed on April 7, 2005, were 36 days late. Yet, there is a more appropriate rule of procedure applicable given the circumstances in this case.

The rule concerning responsive pleading within a professional liability action is Pa.R.C.P. 1042.4. This rule requires a responsive pleading to be filed by the defendant within the time prescribed by the general rule, Pa.R.C.P. 1026, regarding time for filing, notice to plead, or within 20 days after service of the certificate of merit, whichever is later. Here the certificates of merit were filed with the Lackawanna County Judicial Clerk of Court on March 7, 2005. The Clerk of Judicial Records court docket sheet indicates that all defendants were served

the complaint and the certificates of merit on March 21, 2005. The first defendant to file preliminary objections was Dr. Malloy, who filed on April 7, 2005, only 17 days after service of the complaint and certificates of merit. Therefore, Dr. Malloy's objections were clearly filed within the given time limit. Defendant Scranton Orthopedics' preliminary objections were not filed until April 29, 2005, 39 days after service was made upon this defendant. Therefore, we shall only consider plaintiff's motion to strike Scranton Orthopedics' preliminary objections on the basis of untimely filing.

The Commonwealth Court directs that the trial court need not require that preliminary objections be filed within 20 days of the prior pleading. The 20-day rule is not absolute unless the defendant alleges prejudice resulting from the late filing. *Chester Upland School District v. Yesavage,* 653 A.2d 1319 (Pa. Commw. 1994). The Supreme Court in *Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951), confirms that the 20-day rule under Pa.R.C.P. 1026 is not mandatory, but a permissive rule and late filing is acceptable as long as the opposing party is not prejudiced and justice requires, which is left to the court's discretion. *Chester Upland School District v. Yesavage, supra* at 1323 (the trial court did not err in allowing the filing of a pleading 10 months after the filing of the complaint). See *Goldsborough v. City of Philadelphia,* 309 Pa. Super. 347, 455 A.2d 643 (1982), *reargument denied* (1983). The Supreme Court reminds us that "[p]rocedural rules are not ends in themselves but means whereby justice, as expressed in the legal principles, is administered. They are not to be exalted to the status of substantive objectives." *Fisher v. Hill,* 368 Pa. 53, 56, 81 A.2d 860, 863 (1951).

We are caused to turn our attention to the present pleading and the plaintiffs' preliminary objection in the form of a motion to strike, to determine whether the moving party is prejudiced by the late filing. We find no averments indicating prejudice in the plaintiff's response to preliminary objections of defendant Scranton Orthopedics filed on May 9, 2005. We consider the above interpretation of the 20-day rule under Pa.R.C.P. 1026 to be identical to the rule we are applying now, Pa.R.C.P. 1042.4, and find that it is useless to exalt form over substance. The plaintiffs have not been prejudiced by the Scranton Orthopedics' filing preliminary objections 19 days later than the procedural rule provides. Therefore, we shall entertain the remaining objections below.

## II. *Preliminary Objection: Motion To Strike or, Alternatively, Motion for More Specific Pleading for Failure of a Pleading To Conform to Law or Rule of Court Under Pa.R.C.P. 1042.2(a), Pursuant to Pa.R.C.P. 1028(a)(2)*

Identical objections, pursuant to Pa.R.C.P. 1028(a)(2), have been presented by the defendants, Dr. Malloy and Scranton Orthopedics. Both defendants request that the plaintiffs' complaint be stricken or, alternatively, that the plaintiffs provide a more specific pleading for failure to conform to a rule of law as authorized by Pa.R.C.P. 1028(a)(2). Defendants maintain that the complaint fails to set forth a professional liability claim as prescribed by Pa.R.C.P. 1042.2(a). Pa.R.C.P. 1042.2(b) indicates that, should there be an issue as to whether the complaint asserts a professional liability claim, it be posed to the court in the form of a preliminary objection. Here

it is clear the defendants raised issue in regard to the form of the professional liability action in the proper manner by submitting their preliminary objections.

The crux of the defendants' argument is that the complaint fails to identify that the plaintiffs have asserted a professional liability claim as required by Pa.R.C.P. 1042.2(a). It is the defendants' contention that specific language is absent from the complaint and, therefore, the complaint fails to comply with the requirements of the procedural rules. The defendants urge that the following language must be included in the complaint: "Plaintiff is asserting a professional liability claim against this defendant." After a review of all relevant rules of procedure, we find the argument posed by the defendants has no merit as we explain below.

A separate chapter has been designated in the Pennsylvania Rules of Civil Procedure to govern a civil action commenced against a licensed professional. This chapter is set apart from the body of the text and entitled "Professional liability actions." (See Pa.R.C.P. 1042.1-1042.8.) This chapter provides definitions for licensed professionals, the form of the complaint, certificate of merit and other matters relevant to pleading and relief. The language to which the defendants refer is set forth in the *note* to Pa.R.C.P. 1042.2. This note is merely a recommendation.[1]

---

1. *"Note: It is recommended that the complaint read as follows: "Defendant _____ (name) is a licensed professional with offices in _____ County, Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant."* See Pa.R.C.P. 1042.2(a). (emphasis added)

The rule defendants call into question is not alone the sole procedural rule to be followed when asserting a professional liability action. There are a series of rules that are applicable in bringing a professional liability claim or a medical professional liability claim, which collectively establish the procedural guidelines to be followed when asserting such a claim. The body of the rule, Pa.R.C.P. 1042.2(a), states "[a] complaint shall identify each defendant against whom the plaintiff is asserting a professional liability action." Additionally, Pa.R.C.P. 1042.3 requires that a certificate of merit be filed together with a complaint, or within 60 days of the complaint, alleging that a licensed professional deviated from an acceptable professional standard of conduct. There is an additional segment of procedural rules found under Pa.R.C.P. 1042.16 through 1042.72 which specifically discuss requirements of medical professional liability actions. In particular, Pa.R.C.P. 1042.16 orders that the caption for a medical professional liability claim contain the designation "Civil action—Medical professional liability action."

Presently, the plaintiffs' complaint names the licensed professionals as defendants in the caption designated as a medical professional liability action. Paragraphs two through four of the complaint identifies Dr. Malloy as a licensed professional and Steindel, Malloy, Cronkey & Chiavacci Ltd. and Scranton Orthopedic Specialists P.C. as professional corporations and all are held responsible and liable for the liability-imposing acts and omissions in the care and treatment of the plaintiff-wife. On March 7, 2005, the plaintiffs filed separate certificates of merit

as to Dr. Malloy; Steindel, Malloy, Cronkey & Chiavacci Ltd. and Scranton Orthopedic Specialists P.C.

The purpose of procedural rules is to put the other parties on notice. Here we are satisfied that the complaint adequately notifies the defendants that they are the subject of medical professional liability claims. This is evident by the title of the caption, the reference used in regard to Dr. Malloy as a licensed professional and Scranton Orthopedic Specialists P.C. as a professional corporation. Additionally, certificates of merit were filed specific to each defendant, which is a necessity when instituting a professional liability claim. There is sufficient proof that the defendants were on notice that they were subject of the plaintiffs' professional liability claim. Therefore, the objections made in regard to the failure of the complaint to comply with Pa.R.C.P. 1042.2 are overruled.

### III. *Preliminary Objection: Motion To Strike or, Alternatively, Motion for More Specific Pleading for Failure of a Pleading To Conform to Law or Rule of Court, Pa.R.C.P. 1020, Pursuant to Pa.R.C.P. 1028(a)(2)*

Both objecting defendants move to strike or, alternatively, move for a more specific pleading on the grounds that plaintiffs' complaint fails to conform to Pa.R.C.P. 1020(a). The defendants maintain that the complaint is improper since the cause of action, of medical negligence, alleged in Count I by Mrs. Lawrence is asserted against all defendants. Likewise, the cause of action, loss of consortium, in Count II alleged by Mr. Lawrence is asserted against all named defendants. The defendants urge that

each cause of action must be asserted against the individual defendants in separate counts.

The procedural rule under scrutiny, Pa.R.C.P. 1020, states:

"The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."

A recent Commonwealth Court decision explains that each claim or cause of action asserted in a complaint must be presented in a separate count together with the necessary factual averments particular to the claim and relief sought. *Commonwealth of Pennsylvania v. Parisi,* 873 A.2d 3 (Pa. Commw. 2005). In a medical negligence action, separate counts are required when more than one cause of action is stated, but when the factual background is identical for all defendants regarding negligence, no further delineation or separate allegations to each defendant is required. *Nelle v. Milton S. Hershey Medical Center,* 11 D.&C.4th 307 (1991); see *Seruga v. Tuskes,* 21 D.&C.3d 111 (1981).

Presently, the relationship between defendant Dr. Malloy and defendant Scranton Orthopedics is not contested. The accountability assigned to Scranton Orthopedics is based upon the actions and inactions of its agent, Dr. Malloy, as set out in paragraphs 4 and 15 of the plaintiffs' complaint.[2] The language of the complaint clearly

2. Defendant, Scranton Orthopedic Specialists P.C., is a professional corporation or other form of legal business entity, organized and existing under the laws of Pennsylvania, with professional offices lo-

states that co-defendant Dr. Malloy was employed as an agent of defendant Scranton Orthopedics, which is responsible for the liability-imposing acts of this case by the laws of agency of the Commonwealth of Pennsylvania. (See complaint, ¶4.) Agency is a relationship created when one party, called the principal or employer, obtains another party, the agent or employee, who con-

---

cated at 231 Northern Boulevard, Clarks Summit, Pennsylvania 18411. At all times material to this complaint, this defendant employed as its agent (real and/or ostensible), and/or servant, and/or employee, co-defendant Edwin S. Malloy M.D. and is responsible and liable for his liability-imposing acts and/or omissions in this case under, and by virtue of, the laws of agency of the Commonwealth of Pennsylvania. See ¶4, plaintiffs' complaint.

The negligence of defendant Edwin S. Malloy M.D., imposing liability on himself individually and upon co-defendants Steindel, Malloy, Cronkey & Chiavacci Ltd. and Scranton Orthopedic Specialists P.C. substantially increased wife-plaintiff's risk of harm and was the direct and proximate cause of the injuries and damages alleged herein and consisted of the following:

(a) failing to appropriately assess wife-plaintiff's Colles fracture;

(b) failing to appropriately treat wife-plaintiff's Colles fracture;

(c) failing to correctly judge the degree of displacement in wife-plaintiff's Colles fracture;

(d) failing to recognize that wife-plaintiff's Colles fracture required surgical intervention;

(e) failing to perform surgery to stabilize wife-plaintiff's Colles fracture;

(f) failing to perform open reduction internal fixation to stabilize wife-plaintiff's Colles fracture;

(g) negligently determining that wife-plaintiff's Colles fracture could be successfully treated with closed reduction and/or cast immobilization;

(h) negligently casting wife-plaintiff's Colles fracture in such a manner to allow it to further displace;

(i) failing to order sufficient follow-up care for wife-plaintiff;

(j) failing to become aware of further displacement of wife-plaintiff's fracture in a timely manner;

sents to perform on the principal's behalf and is subject to the principal's control. See *Basile v. H & R Block Inc.,* 563 Pa. 359, 761 A.2d 1115 (2000); Restatement (Second) of Agency §1. Moreover, a principal may be vicariously liable for the actions or omissions of its agent. *Myszkowski v. Penn Stroud Hotel Inc.,* 430 Pa. Super. 315, 634 A.2d 622 (1993). The issue we are concerned with is whether the counts, as asserted, refer to more than one cause of action in each count. Because the claims asserted in each count by the plaintiffs are based on a theory of agency, we find that only two causes of action have been alleged; one in each count. Here, the specific factual averments of negligence asserted against all defendants are specified in paragraph 15 and are incorporated by reference under Count I and II. Because the agency relationship between Dr. Malloy and Scranton Orthopedics is not challenged, we find that separate counts are not required since the claim of liability, regarding both defendants, stems from the same factual background involving Dr. Malloy's mode of care of the plaintiff-wife. Therefore, both moving defendants' motions to strike and, alternatively, motions for a more specific pleading are overruled.

---

(k) failing to become aware of further displacement of wife-plaintiff's fracture at a time when it would have been amenable to surgical correction;

(l) negligently allowing for a three-week interval [to] take place in between wife-plaintiff's initial visit and next office visit;

(m) failing to order at least weekly office visits for wife-plaintiff, particularly in the weeks immediately following the diagnosis of the fracture. See ¶15 of plaintiffs' complaint.

## IV. *Preliminary Objections in the Nature of Motions To Strike Pursuant to Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1019(a)*

Both moving defendants present the court with motions to strike or, alternatively, motions for a more specific pleading as permitted by Pa.R.C.P. 1028(a)(3). It is asserted that portions of the pleading are insufficiently specific. Defendant Dr. Malloy contends that subparagraphs 15(a) through (c) and (i) through (k) must be stricken or alternatively re-pled since the averments fail to specify the time or manner Dr. Malloy allegedly failed in his duties as a physician. Defendant Scranton Orthopedic Specialists P.C. maintains that the allegations described in subparagraphs (a) through (c) and (i) through (k) insufficiently describe whether the averments apply to Dr. Malloy or to the staff of the professional corporation, Scranton Orthopedic Specialists P.C.[3]

The Commonwealth of Pennsylvania is a fact-pleading state whereby the complaint must provide the defendant notice of the basis of the claim, as well as a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa. Super. 293, 464 A.2d 1349 (1983). Preliminary objections in the form of motions to strike items in a complaint under Pa.R.C.P. 1028(a)(3) can be for lack of specificity of pleading pursuant to Pa.R.C.P. 1019(a). These Rules of Civil Procedure require that all the material facts on which a cause of action or defense are based shall be

---

3. The challenged subparagraphs have previously been noted in footnote 2.

stated in a concise and summary form. See Pa.R.C.P. 1019(a); *Yacoub v. Lehigh Medical Associates P.C.,* 805 A.2d 579 (Pa. Super. 2002). The Superior Court of Pennsylvania notes that the question presented by Pa.R.C.P. 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense or [if it] informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan,* 814 A.2d 234, 237-38 (Pa. Super. 2002); *Ammlung v. City of Chester,* 224 Pa. Super. 47, 59 n.36, 302 A.2d 491, 498 n.36 (1973) (quoting 1 Goodrich-Amram §1017(b)-9). To determine if a paragraph contains the appropriate specificity, the court looks not only to the particular paragraph at issue, but also to that paragraph in the context of the other allegations in the complaint. *Yacoub, supra* at 589.

The trial court has broad discretion in determining the amount of detail that must be pleaded since this is not something capable of precise measurement. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). It is not necessary to plead evidence which can be developed through discovery. *Local No. 163, International Union U.B.F.C.S.D. & D. W. v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965). See also, *Com. of PA v. Schlittler,* 104 Lacka. Jur. 112, 115-16 (2003). Yet, when determining whether the averments of the complaint are sufficient, a court must ensure that the challenged averments present no risk of a future, unexpected amendment to the complaint based upon new facts after the statute of limitations has run. *Boyd v. Somerset Hospital,* 24 D.&C.4th 564, 567 (1993); *Connor v. Allegheny*

*General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983); see also, *Clarkson v. Geisinger Medical Center,* 46 D.&C.4th 431 (2000). While the Pennsylvania Rules of Civil Procedure direct that the defendant be capable of preparing a defense based upon the allegations of the complaint, it need not list all evidence that demonstrates the defendant's improper acts. *Boyd v. Somerset Hospital,* 24 D.&C.4th 564, 567 (1993); *Albright v. Gadiparthi,* 50 Somerset L.J. 355, 361 (1991). As we have stated in *Latniak v. Koch,* 04 CIV 2253 C.C.P. Lacka. Cty. (Minora, J., 2005), "discovery is the proper phase of litigation in which evidentiary details will be revealed. . . . Moreover, 'common pleas courts have been rightly attuned to plaintiff's [in medical malpractice cases] who have less knowledge than the defendant *medical* providers about the care and/or treatment provided.' The requisite amount of facts pled in the complaint must be sufficient to put the defendant on notice of the alleged wrong, while specific enough for the defendant medical provider to devise a defense. Because of the vast disparity between the plaintiffs' and defendant's education in the field of medicine, the plaintiff cannot be expected to plead facts in the complaint that detail precisely what 'procedures' the defendant medical provider undertook or omitted that ultimately caused the injury."

We are reminded that a case is not tried at the preliminary objection phase of litigation. There are more appropriate stages through the course of the civil process when the parties will be given an opportunity to address factual disputes. Yet, it is proper for the court to eliminate any broad or ambiguous allegations from a complaint; we do not find such averments in the present com-

plaint. We find that a sufficient factual basis has been provided regarding the claims of negligence asserted by the plaintiff-wife, specifically in regard to the care and supervision of her Colles fracture, and loss of consortium claim asserted by plaintiff-husband, to allow the defendants to prepare a proper defense. An appropriate order consistent with this memorandum follows.

## ORDER

And now, to wit, September 9, 2005, upon consideration of the written arguments of counsel and in accordance with the preceding memorandum, the following is hereby ordered and decreed:

(1) Plaintiffs' preliminary objections in the form of motions to strike the preliminary objections filed by Edwin S. Malloy M.D. and the preliminary objections filed by Scranton Orthopedic Specialists P.C. are overruled.

(2) Defendant, Edwin S. Malloy's M.D., preliminary objection pursuant to Pa.R.C.P. 1028(a)(2) in the form of a motion to strike, or, alternatively, for a more specific pleading for the failure of a pleading to conform to law or rule of court, under Pa.R.C.P.1042.2(a), is overruled.

(3) Defendant, Scranton Orthopedic Specialists' P.C., preliminary objection pursuant to Pa.R.C.P. 1028(a)(2) in the form of a motion to strike, or, alternatively, for a more specific pleading for the failure of a pleading to conform to law or rule of court, under Pa.R.C.P. 1042.2(a), is overruled.

(4) Defendant, Edwin S. Malloy's M.D., preliminary objection pursuant to Pa.R.C.P. 1028(a)(2) in the form

of a motion to strike or, alternatively, motion for more specific pleading for failure of a pleading to conform to law or rule of court, Pa.R.C.P 1020, is overruled.

(5) Defendant, Scranton Orthopedic Specialists' P.C., preliminary objection pursuant to Pa.R.C.P. 1028(a)(2) in the form of a motion to strike or, alternatively, motion for more specific pleading for failure of a pleading to conform to law or rule of court, Pa.R.C.P. 1020, is overruled.

(6) Defendant, Edwin S. Malloy's M.D., preliminary objections in the nature of motions to strike pursuant to Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1019(a), for insufficient specificity of the pleading in subparagraphs 15(a) through (c) and (i) through (k), is overruled.

(7) Defendant, Scranton Orthopedic Specialists' P.C., preliminary objections in the nature of motions to strike pursuant to Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1019(a), for insufficient specificity of the pleading in subparagraphs 15(a) through (c) and (i) through (k), is overruled.