**Pietrulewicz v. Gil**

C.P. of Lehigh County, No. 2014-C-0826

*Richard L. Orloski*, for plaintiffs.
*Charles Fonzone*, for defendant.

REICHLEY, *J.*, June 6, 2014—

MEMORANDUM OPINION

This case stems from a motor vehicle accident that occurred on August 7, 2012. Leslie Gil, defendant, was involved in an accident with Richard Pietrulewicz, plaintiff. Defendant was speaking on a cell phone. In plaintiffs' complaint, they are seeking punitive damages and allege recklessness as a result of defendant's use of a cell phone. For the reasons set forth herein, the facts as pled in the complaint fail to amount to recklessness and the claim for punitive damages is hereby stricken without prejudice.

## Findings of Fact

1. On August 7, 2010, plaintiff was operating a three-wheeled motorcycle in the northbound lane of South Cedar Crest Boulevard in Salisbury Township, Lehigh County.

2. As Plaintiff approached the intersection of South Cedar Crest Blvd. and the I-78 East on-ramp, a vehicle driven by defendant turned left in front of him and collided with plaintiff's motorcycle, causing damage to both vehicles and injuring plaintiff.

3. Defendant failed to yield to oncoming traffic and plaintiff had the right of way at the time of the accident.

4. Defendant was traveling at slow rate of speed, but nonetheless caused the collision.

5. Plaintiffs aver, and defendant concedes for purposes of the instant preliminary objection, that defendant was on her cell phone at the time of the accident.

## Procedural History

Plaintiffs initiated this litigation by filing a complaint on March 17, 2014. On April 21, 2014, defendant filed preliminary objections to plaintiffs' complaint. Plaintiffs have filed a response to defendant's preliminary objections. The court heard an oral argument on this matter on June

3, 2014.

This opinion follows.

## Discussion and Conclusions of Law

The standard of review for this case is as follows:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Schemberg v. Smicherko*, 85 A.3d 1071, 1073 (Pa. Super. 2014) (quoting *Joyce v. Erie Ins. Exchange*, 74 A.3d 157, 162 (Pa. Super. 2013)).

The sole issue before the court is whether plaintiffs' allegations of recklessness and the demand for punitive damages stemming therefrom are supported by the facts as pled. All well-pled facts are taken as true, and in this case, the facts are not in dispute.

Punitive damages require an actor's conduct to be "malicious, wanton, reckless, willful or oppressive." *Jahanshahi v. Centura Development Co.*, 816 A.2d 1179, 1188 (Pa. Super. 2003). They are an extreme remedy available only in the most exceptional cases. *Scampone v. Grane Healthcare Co.*, 11 A.3d 967, 991 (Pa. Super. 2010) (citations omitted). Punitive damages are appropriate

where the defendant acted in an outrageous fashion as a result of either an evil motive or reckless indifference to the rights of others. *Id.*

To state a claim for punitive damages, the plaintiff must plead specific facts demonstrating outrageous and/or willful conduct. *Smith v. Brown*, 423 A.2d 743 (Pa. Super. Ct. 1980). Reckless indifference means that "an actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probably that harm will follow." *Evans v. Philadelphia Transportation Company*, 212 A.2d 440 (Pa. 1965). The mere assertion of a claim for punitive damages is insufficient as a matter of law. *Id.*

In Pennsylvania, there is a paucity of case law regarding the question of whether cell phone usage while driving may give rise to allegations of reckless misconduct and a claim for punitive damages. However, there are two persuasive cases on point which offer guidance in this matter: *Xander v. Kiss*, 2012 WL 168326 (Northampton County CCP) and *Piester v. Hickey*, 2012 WL 935789 (E.D. Pa.).

In *Xander*, a Northampton County Court of Common Pleas decision, the court found that punitive damages were inappropriate under almost identical facts as the case at bar. The defendant was talking on his cellular phone, veered out of his lane of traffic, and collided with the plaintiff's vehicle. *Xander*, 2012 WL 168326, at *1. The court struck down a claim for punitive damages, reasoning that the defendant simply lost control of his vehicle, an action which falls short of the requirement for evil motive or reckless indifference to the plaintiff's rights. *Id.*

As persuasive support the *Xander* court cited to a recent Mississippi trial court decision, *Gaddis v. Hegler*, 2011 WL

2111801 (S.D. Miss. May 26, 2011). In *Gaddis,* punitive damages were deemed appropriate where the defendant was using his cell phone while driving. However, the additional factors in that case were that the defendant was speeding, failed to observe two stop light warning signals, ran a red light that was red for more than 10 seconds before he arrived at the intersection, and crossed two lanes of traffic before impact. *Gaddis v. Hegler,* 2011 WL 2111801, at \*4 (S.D. Miss. May 26, 2011). The additional circumstances beyond the mere use of a cellular telephone gave rise to an appropriate claim for punitive damages.

The Easter District federal court in *Piester* relied on *Xander* in reaching the same holding, namely, that punitive damages are not recoverable where the only allegation in support thereof is that the defendant used or looked at his or her cell phone. *Piester,* 2012 WL 935789 at \*4.

Plaintiffs assert the accident occurred because Defendant knew she was not paying attention to other traffic while talking on her cell phone. They characterize this as a deliberate choice to consciously disregard the risk of an accident, and reason that her alleged conscious disregard amounts to recklessness sufficient to justify an award of punitive damages. However, in their brief, Plaintiffs acknowledge that defendant did not intentionally cause this accident.

The cases defendant cites are strongly persuasive and support the conclusion that driving while talking on a cell phone, absent additional facts, does not give rise to an allegation of recklessness.

Plaintiffs rely on a federal case where a truck driver caused an accident after driving more than ten consecutive hours without a break. *Burke v. Maassen,* 904 F.2d 178, 183 (3d Cir. 1990). Punitive damages were appropriate in

that case because the driver appreciated the risk of fatigue and the potential for fatal accidents. *Id.* However, the facts of that case are distinguishable from the case at bar because fatigue differs from the level of distraction caused by cellular phone usage.

Applying the law to the case at bar, defendant was talking on her cell phone and slowly moved into a lane of oncoming traffic at an intersection where she was required to yield. Plaintiffs failed to set forth additional allegations of erratic driving. *See, e.g., Pennington v. King*, No. 07-4016, 2009 WL 415718, at *6 (E.D.Pa. Feb.19, 2009) (punitive damages appropriate where defendant truck driver operated tractor-trailer in wildly erratic manner which prevented decedent from passing)). While it is undisputed that the distraction of the cell phone caused defendant's failure to yield when she was required to do so, the court finds that this does not give rise to an evil motive or a conscious indifference to plaintiff's rights. To the contrary, the facts support only a claim that defendant was negligent.

As a result, the court finds that the facts do not constitute reckless conduct sufficient to support a claim for punitive damages.

## Conclusion

Based on the persuasive case law discussed above, the court finds that in Pennsylvania, use of a cell phone, absent additional, well-pled allegations of misconduct, does not give support allegations of recklessness or corresponding claims for punitive damages. Accordingly, the averments of recklessness and requests for punitive damages in the instant complaint are stricken without prejudice. Plaintiffs are granted leave to file an amended complaint within twenty (20) days of the date of this order.