## Brown v. Leger

C.P. of Lackawanna County, No. 12 CV 298

*Desirea M. Brown*, pro se plaintiff.
*Christin L. Kochel*, for defneants Lamar Leger and Marilynn Long.
*Gary A. Drakas*, for defendant Progressive Insurance Co.

NEALON, *J.*, Sept. 5, 2014—

ORDER

Defendants, Lamar Leger ("Leger") and Marilynn Long ("Long"), have filed a motion for summary judgment which the parties have agreed to submit on their briefs and without the necessity of oral argument. By notice dated May 15, 2014, the court administrator for Lackawanna County directed Leger and Long to file a supporting brief by June 5, 2014, with the opposing brief of plaintiff, Desirea M. Brown ("Brown"), being due by June 25, 2014. (Docket entry no. 41). Leger and Long have filed a timely brief, (Docket entry no. 39), but Brown has failed to submit a brief in opposition. Notwithstanding that fact, the motion for summary judgment is ripe for resolution.

On January 13, 2012, Brown filed a complaint against Leger, Long and Brown's underinsured motorist carrier, Progressive Insurance Company ("Progressive"), as a result of an automobile accident which occurred on January 14, 2010. (Docket entry no. 1). Brown averred that Leger was negligent in causing an automobile accident on Keyser Avenue, and that Long negligently entrusted her vehicle to Leger on that date. (*Id.* at ¶¶ 5-8). Claiming permanent injuries as a result of the accident, Brown

demanded compensatory damages from Leger, Long and Progressive. (*Id.* at ¶¶9-13).

On April 23, 2012, Leger and Long served interrogatories and requests for production of documents upon Brown to be answered within thirty days of service. (Docket entry no. 39 at ¶ 4). On August 3, 2012, Brown's counsel, the Pisanchyn Law Firm, filed a motion to withdraw as Brown's counsel, which motion was made returnable for a hearing on August 29, 2012. (Docket entry no. 23). On that date, visiting Senior Judge Peter O'Brien granted the motion to withdraw, and directed Brown to secure new counsel within thirty days or proceed *pro se* if substitute counsel was not retained. (Docket entry no. 25). More than eight months later, Leger and Long presented a motion to compel discovery to the special trial master on May 9, 2013. (Docket entry no. 36). The motion to compel was granted, and Brown was ordered to file and serve answers to the outstanding interrogatories and requests for production of documents within thirty days. (*Id.*).

In the absence of any discovery responses from Brown during the ensuing eleven weeks, Leger and Long presented a motion for sanctions to the special trial master on July 25, 2013. An order was filed by the master on that date directing Brown to furnish complete response to the overdue discovery requests within twenty days or suffer the imposition of sanctions. (Docket entry no. 37). After Brown failed to do so during the next five months, Leger and Long filed another motion for sanctions with the special trial master on December 30, 2013, who entered an order granting the motion and barring Brown "from

producing any testimony or evidence at the time of trial or arbitration which is directly or indirectly related to any of the topics that were the subject of defendants', Lamar Leger and Marilynn Long's April 23, 2012, interrogatories and requests for production of documents to the plaintiff." (Docket entry no. 38). Leger and Long now assert that as a result of this evidentiary preclusion order, Brown cannot possibly satisfy her burden of proof in this case, such that Leger and Long are entitled to judgment in their favor as a matter of law.[1] (Docket entry no. 39).

Summary judgment is proper when the pleadings, discovery, admissions and affidavits demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bumbarger v. Peerless Indem. Ins. Co.*, 93 A.3d 872, 875 (Pa. Super. 2014); *AJT Properties, LLC v. Lexington Ins. Co.*, 26 Pa. D. & C. 5th 302, 313 (Lacka. Co. 2012). In making that determination, the record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Herder Spring Hunting Club v. Keller*, 93 A.3d 465,468 (Pa. Super. 2014); *Sedor v. Community Medical Center*, 16 Pa. D. & C. 5th 193, 202 (Lacka. Co. 2010). However, where the nonmoving party bears the burden of proof on an issue, it may not

---

1. Progressive had previously secured sanctions orders based upon Brown's failure to answer its discovery, and thereafter filed a 'motion for *non pros* and/or summary judgment" based upon those sanctions rulings. (Docket entry no. 32). On May 8, 2013, visiting Senior Judge Harold Kane granted progressive's case dispositive motion due to Brown's "failure to respond to [progressive's] motion, to appear at oral argument, and failure to respond to discovery requests or conduct any activity on this case since August of 2012." (Docket entry no. 35).

merely rely on its pleadings or answers in order to survive summary judgment. *Matharu v. Muir*, 86 A.3d 250, 255 (Pa. Super. 2014). Rather, the failure of the nonmoving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof establishes the moving party's right to judgment as a matter of law. *Gilbert v. Synagro Cent., LLC*, 90 A.3d 37,42 (Pa. Super. 2014); *Lomeo v. Davis*, 53 Pa. D. & C. 4th 49, 54 (Lacka. Co. 2001).

The elements of a cause of action in negligence are: (1) a duty recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a failure of the defendant to conform to that standard; (3) a causal connection between the defendant's conduct and the resulting injury to the plaintiff; and (4) actual damage suffered by the plaintiff. *Schemberg v. Smicherko*, 85 A.3d 1071, 1073-1074 (Pa. Super. 2014); *Sedor*, 16 Pa. D. & C. 5th at 202. Except in those instances where the causal connection between the defendant's negligence and the plaintiff's harm is obvious and not beyond the common knowledge of the average juror, expert medical testimony is necessary to establish the causal nexus between the plaintiff's injury and the defendant's tortious conduct. *Kovalev v. Sowell*, 839 A.2d 359, 368 (Pa. Super. 2003), *app. denied*, 580 Pa. 698, 860 A.2d 124 (2004).

The special trial master twice afforded Brown the opportunity to belatedly answer the interrogatories and requests for production of documents that were served by Leger and Long, and on both occasions, Brown failed to provide discovery responses. Those interrogatories and

requests for production of documents seek information and records pertaining to the alleged liability of Leger and Long, the injuries purportedly suffered by Brown, and the economic and noneconomic damages being claimed by Brown. (Docket entry no. 39 at ¶4). The sanctions order dated December 30, 2013, precludes Brown "from producing any testimony or evidence at the time of trial or arbitration which is directly or indirectly related to any of the topics that were the subject of' the interrogatories and requests for production of documents served by Leger and Long. (Docket entry no. 38). Brown did not timely appeal the sanctions order of the special trial master by seeking a de novo review of that order by the Court of Common Pleas in accordance with Lacka. Co. R.C.P. 4019(b). *See Fratzola v. Klepadlo*, 26 Pa. D. & C. 5th 533, 538 (Lacka. Co. 2012) (stating that under Local Rule 4019(b), "[a]ny order of the special trial master granting or denying a sanction may be appealed *de novo*" to the Court of Common Pleas within ten days). Therefore, the evidentiary preclusion order dated December 30, 2013, constitutes the law of the case. *See Morgan Guar. Trust Co. of New York v. Mowl*, 705 A.2d 923, 928 (Pa. Super. 1998), *app. denied*, 556 Pa. 693, 727 A.2d 1121 (1998).

As a result of the sanctions order of December 30, 2013, Brown is unable to adduce sufficient evidence to establish the elements of her negligence claims against Leger and Long. Additionally, by virtue of Brown's failure to file a brief in opposition to the motion for summary judgment by the deadline of January 25, 2014, as established by the court administrator on May 15, 2014, Brown is deemed not to oppose that motion under Lacka. Co. R.C.P. 211(f).

*See Wells Fargo Equipment Finance, Inc. v. Knitney Lines, Inc.*, 2013 WL 5768196, at *1 n.1 (Lacka Co. 2013). Consequently, in light of Brown's inability to produce any evidence in support of her tort claims against Leger and Long, there is no genuine issue of material fact and the movants are entitled to judgment in their favor as a matter of law.

And now, this 5th day of September, 2014, upon consideration of the motion for summary judgment filed by defendants, Lamar Leger and Marilynn Long, and the exhibits and memorandum of law submitted by those defendants, and the lack of any opposition thereto by plaintiff, Desirea M. Brown, and based upon the reasoning set forth above, it is hereby ordered and decreed that:

1. The motion for summary judgment filed by defendants, Lamar Leger and Marilynn Long, is granted; and

2. The clerk of judicial records is directed to enter judgment in favor of defendants, Lamar Leger and Marilynn Long, and against plaintiff, Desirea M. Brown, in the above-captioned matter.