**Senick v. Presby**

C.P. of Northampton County, No. C-48-CV-2013-3818

*Pro se* plaintiff.
*Robert A. Pinel*, for defendant.

BELTRAMI, *J.*, May 28, 2015—This matter is before

the Court on Defendant's "Preliminary Objections to Plaintiff's Amended Complaint," filed on October 14, 2014. On November 7, 2014, Plaintiff filed a Response to the Preliminary Objections. Briefs have been filed, and the matter was submitted to the undersigned for disposition, on briefs, at the April 27, 2015, session of Argument Court.

The procedural history of the case was succinctly stated in the Opinion filed by the Honorable Paula A. Roscioli on September 5, 2014, as follows:

In or about May 2011, Plaintiff David Senick (Plaintiff) purchased an automobile from Mark's Automotive, Inc., of which Defendant Mark Presby (Defendant) is an owner. Perceiving various mechanical failures with respect to the vehicle, Plaintiff filed a lawsuit in or about August 2011 against Mark's Automotive, Inc. before Magisterial District Justice Joseph K. Barner, at case number MJ-3203-CV331-2011. Following the magistrate's entry of judgment in favor of Mark's Automotive, Inc., Plaintiff filed an appeal in this Court on November 9, 2011, at case number C-48-CV-2011-10745, asserting a cause of action for breach of warranty (Warranty Action). Plaintiff filed the Complaint in that matter soon thereafter, to which Mark's Automotive, Inc. filed preliminary objections. Following the Court's decision thereupon, Plaintiff filed an Amended Complaint on October 11, 2012. On February 13, 2013, Mark's Automotive, Inc. filed a Motion for Summary Judgment. On or about March 15, 2013, the parties in the Warranty Action found themselves before the Court with respect to a discovery motion. Following some discussion between Plaintiff and counsel for Mark's Automotive, Inc., the

parties reached an agreement to settle the entire matter, and on April 22, 2013[,] a praecipe to settle, discontinue, and end was filed in the Warranty Action by Mark's Automotive, Inc. As a result of various disagreements between the parties with respect to the settlement of that case, on April 29, 2013[,] Plaintiff filed a Motion to Continue Complaint and Vacate Praecipe to Settle, Discontinue, and End. That motion was denied by Order of Court dated May 10, 2013.

On April 25, 2013, Plaintiff filed the Complaint in the present matter, purporting to set forth claims for slander, defamation of character, emotional distress, harassment, fraud, and verbal and physical threats, all with respect to events which took place between the parties after March 15, 2013. . . . On July 25, 2014, Defendant filed . . . preliminary objections.

(Op. 2-3, Sep. 5, 2014.) All of the causes of action contained in Plaintiff's Complaint were based upon a cease and desist letter ("Cease and Desist Letter") issued to Plaintiff by Defendant's counsel on April 11, 2013, following the settlement of the Warranty Action. (*See* Compl. ¶ 14, Ex. 9.) On September 5, 2014, Judge Roscioli sustained Defendant's demurrer to Plaintiff's Complaint, determining that the Cease and Desist Letter did not support the claims contained in Plaintiff's Complaint. (*See* Op. 5-6, Sep. 5, 2014.) Judge Roscioli granted Plaintiff leave to file an amended complaint within twenty days.

On September 23, 2014, Plaintiff filed an Amended Complaint. Although Plaintiff has now added facts outlining the procedural history and the actions he has taken since filing the Complaint (*See* Am. Compl. ¶¶12-

43.), it is clear that all of Plaintiff's claims are still based upon the Cease and Desist Letter. (*Id.* ¶ 44, Preliminary Statement.) Based upon that letter, Plaintiff seeks damages and punitive damages for "slander," "harassment," "fraud," "mental cruelty," and "libel" in Count I of the Amended Complaint. In Count II, Plaintiff does not state a cause of action but, rather, seeks "costs and attorney's fees" for the causes of action purportedly stated in Count I.

In his Preliminary Objections to the Amended Complaint, Defendant raises three objections. First, Defendant asserts a demurrer, arguing that Plaintiff's Amended Complaint fails to set forth a cause of action. The question presented by a demurrer is whether, on the facts pleaded, the law says, with certainty, that no recovery is possible. *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1021 n.7 (Pa. Commw. 2014). The Court must resolve a demurrer solely on the basis of the pleadings, without reference to testimony or other outside evidence. *Hill v. Ofalt*, 85 A.3d 540, 546 (Pa. Super. 2014). When considering a demurrer, the Court must accept, as true, all material facts averred in the challenged pleading, as well as all inferences that can be reasonably deduced therefrom. *Schemberg v. Smicherko*, 85 A.3d 1071, 1073 (Pa. Super. 2014).

> Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id.*

Because all of Plaintiff's claims originate from the Cease and Desist Letter sent to Plaintiff by Defendant's counsel on April 11, 2013, the Court will reproduce it here, verbatim:[1]

Dear David Senick:

I represent Marks Automotive, Inc., Mark Presby and Karen Presby.

This CEASE AND DESIST letter is to inform you that your persistent actions against my clients, including but not limited to trespass, harassment, verbal and physical threats, defamation, and stalking [sic]. You are ORDERED TO STOP such activities immediately as they are being done in violation of the law. You are also ORDERED TO STOP any contact with their family, relatives, friends, relations, employees, agents and the like, including but not limited to employees and customers of Marks Automotive, Inc., and any friends and family of Mark and Karen Presby. My clients have the right to remain free from your activities as they constitute trespass, harassment, stalking, and defamation. You are not allowed on any property owned, lease [sic] or used by Marks Automotive, including but not limited to its employees and agents, or by Karen and Mark Presby, including but not limited to their friends and relatives.

---

1. The warranty attached to Plaintiff's Complaint lists Defendant's business name as "Mark's Automotive, Inc." (Compl. Ex. 1.) In the "cease and desist" letter, Defendant's counsel refers to the business as "Marks Automotive, Inc."

My clients will pursue any legal remedies available to me against you if these activities continue. These remedies include but are not limited to: contacting law enforcement to obtain criminal sanctions against you, and suing you civilly for any harassment or damages they incur as a result of your actions.

You risk incurring severe legal consequences if you fail to comply with this demand. This letter acts as your final warning to discontinue this unwanted conduct before my clients pursue legal actions against you. At this time, my clients are not contacting the authorities or filing a civil suit against you, as they hope to resolve this without authoritative involvement.

My clients are not under any circumstances, however, waiving any legal rights they have presently, or future legal remedies against you by sending you this letter. This order acts as your final chance to cease your illegal activities before my clients exercise their rights.

(Am. Compl. Ex. 5.) The Cease and Desist Letter is signed by Defendant's counsel and indicates that a copy was sent to Defendant and his wife, Karen Presby. (*Id.*)

Initially, the Court notes that the Amended Complaint violates Pennsylvania Rule of Civil Procedure 1020(a), which states that "[e]ach cause of action and any special damage thereto shall be stated in a separate count containing a demand for relief." Pa.R.C.P. No. 1020. The Amended Complaint violates Rule 1020 because Plaintiff purports to claim multiple causes of action in Count I, while Count II does not state a cause of action yet makes a demand for costs and attorney's fees. The Court will ignore these

procedural defects and will analyze Defendant's demurrer as to each purported cause of action alleged by Plaintiff in Count I.

First, Plaintiff alleges slander and libel, which are causes of action for defamation, with slander being oral defamation and libel being written defamation. *See Agriss v. Roadway Express, Inc.*, 483 A.2d 456, 469 (Pa.Super. 1984). The elements of defamation are as follows:

(a) Burden of plaintiff. — In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

42 Pa.C.S.A. § 8343(a)(1)-(7). As noted above, the second element of a defamation claim is publication by the defendant. "[P]ublication of defamatory matter is its communication intentionally or by a negligent act *to one other than the person defamed.*" *Agriss*, 483 A.2d at 463 (emphasis added). In this case, there is no allegation that

the Cease and Desist Letter was sent to anyone other than Plaintiff.[2] Thus, Plaintiff's Amended Complaint fails to state a cause of action for defamation.

Next, Plaintiff alleges "harassment." "Pennsylvania courts have not heretofore recognized a separate tort of harassment." *DeAngelo v. Fortney*, 515 A.2d 594, 596 (Pa. Super. 1986). Thus, Plaintiff cannot recover for "harassment."

Plaintiff next alleges fraud. Rule 1019(b) states that "[a] verments of fraud . . . shall be averred with particularity." Pa.R.C.P. No. 1019(b). Although Plaintiff's Amended Complaint violates this rule, the Court will ignore the violation and will address the merits of Defendant's demurrer to the claim.

In order to prove fraud the following elements must be shown: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Milliken v. Jacono*, 60 A.3d 133, 140 (Pa. Super. 2012). In this case, even if the Court assumes, for the sake of

---

2. Defendant's counsel sent the Cease and Desist Letter acting as the attorney for Defendant and his wife. Thus, the fact that a copy of the letter was sent to Defendant and his wife is not publication to a third party. Likewise, if Plaintiff contends that the defamatory matter is information about Plaintiff's alleged conduct that Defendant conveyed to his counsel in order for his counsel to draft the letter, once again, this would not be publication to a third party, but rather confidential attorney/client communication.

argument, that the allegations contained in the Cease and Desist Letter are false, there is no averment that Plaintiff relied upon those allegations, let alone was injured by such reliance. Thus, Plaintiff's Amended Complaint fails to state a cause of action for fraud.

Finally, Plaintiff alleges "mental cruelty," which the Court will broadly interpret as a claim for intentional infliction of emotional distress. "The elements of intentional infliction of emotional distress are: (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another." *Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commw. 2010). "'Outrageous or extreme conduct' has been defined by the appellate courts of this Commonwealth as conduct that is 'so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.'" *Swisher v. Pitz*, 68 A.2d 1228, 1230 (Pa. Super. 2005) (quoting *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122 n.5 (Pa. Super. 2004)). In *Swisher*, the Superior Court affirmed the trial court's sustaining of the defendant's demurrer to the plaintiff's claim for intentional infliction of emotional distress after the trial court determined that the defendant's conduct was not outrageous or extreme, as a matter of law, "for purposes of the tort of intentional infliction of emotional distress." *Id.* at 1231. Likewise here, having reviewed the Cease and Desist Letter, the Court can determine, as a matter of law, that it does not constitute extreme and outrageous conduct. Therefore, Plaintiff's Amended Complaint fails to state a cause of action for intentional infliction of emotional distress.

For all of the above reasons, Plaintiff's Amended Complaint fails to state any cause of action, and Defendant's demurrer will be sustained. In light of the Court's sustaining of Defendant's demurrer, the Court need not consider Defendant's other objections.

Plaintiff was granted leave to file an amended complaint by Judge Roscioli and has alleged no new facts in his Amended Complaint other than facts in the nature of procedural history occurring after the filing of his Complaint. More importantly, it is evident that the sole genesis of Plaintiff's purported claims is the Cease and Desist Letter. Having reviewed that letter, which does not create any cause of action under Pennsylvania law, it is evident to the Court that no amended pleading by Plaintiff will convert that letter into a viable cause of action. Thus, granting Plaintiff leave to amend would be an exercise in futility, and the Court will not do so. *See Hill*, 85 A.3d at 557 (leave to amend following sustaining of demurrer may be refused where there is no reasonable probability that amendment will cure defect).

WHEREFORE, the Court enters the following:

## ORDER OF COURT

AND NOW, this 28th day of May, 2015, Defendant's "Preliminary Objections to Plaintiff's Amended Complaint," filed on October 14, 2014, are hereby SUSTAINED, in part. Plaintiff's Amended Complaint, filed on September 23, 2014, is hereby DISMISSED, with prejudice.