J-A20004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VERIZON PENNSYLVANIA, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CMT LABORATORES, INC. | : | No. 1573 MDA 2022 |

Appeal from the Judgment Entered October 31, 2022
In the Court of Common Pleas of Centre County
Civil Division at No(s):  2019-1662

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JANUARY 3, 2024**

Verizon Pennsylvania, LLC appeals from the judgment entered against them following the jury verdict in favor of CMT Laboratories, Inc. Verizon now claims that the verdict was against the weight of the evidence, and they are due a new trial. After careful review, we affirm.

Verizon filed a civil complaint against CMT alleging that CMT damaged Verizon's underground facilities in State College performing an excavation in 2017. **See** Complaint, 5/10/19 at 2. Specifically, Verizon alleged that CMT struck and damaged copper cables underneath a thoroughfare know as D Alley (also known as Hole Alley), requiring Verizon to replace said cables and incur $185,385.49 in damages. **See id**. Verizon alleged that CMT acted negligently and committed trespass by striking Verizon's equipment. **See id**. at 3-5. A

_____

[*] Former Justice specially assigned to the Superior Court.

jury found that CMT did not act negligently. *See* Verdict, 7/26/22. Verizon filed a motion for a new trial, arguing that the verdict was against the weight of the evidence. *See* Motion, 8/5/22. The trial court denied the motion and judgment was entered in favor of CMT. Verizon timely filed a notice of appeal to this Court and both Verizon and the trial court complied with Pa.R.A.P. 1925.

On appeal, Verizon raises one issue: that the trial court abused its discretion in denying Verizon's motion for a new trial because the overwhelming weight of the evidence proved CMT was negligent and compelled a different verdict. *See* Appellant's Brief at 2.

The trial court justifies its conclusion by stating that, "[w]hile [Verizon] may have stated [an] argument why the [j]ury could have [come] to a different verdict, [Verizon] failed to show the evidence was so one sided that no reasonable jury could have found for [CMT]." 1925(a) Opinion, 12/21/22.

We leave a motion for a new trial based on a weight of the evidence claim to the discretion of the trial court. *See Ruff v. York Hospital*, 257 A.3d 43, 49 (Pa. Super. 2021). A trial court's role is to determine whether the verdict rendered was so contrary to the weight of the evidence that it shocks one's sense of justice and demands a new trial. *See id*. Conversely, upon review of such a claim, our role is to simply review the trial court's exercise of discretion. *See id*. We give the highest consideration to the trial court's finding. *See id*. "One of the least assailable reasons for granting or denying a

new trial is the lower court's conviction that the verdict was or was not against the weight of evidence …". *Id*. (citations omitted).

A finding of ordinary negligence requires that the defendant owed a duty of care to the plaintiff, breached that duty, the breach caused injury to the plaintiff and the plaintiff suffered an actual loss. ***See Schemberg v. Smicherko****,* 85 A.3d 1071, 1074 (Pa. Super. 2014). Negligence *per se* applies to conduct of a defendant that violates a statute or regulation that was designed to protect a group of people, as opposed to the public in general, and obviates the need to prove that the defendant owed the plaintiff a duty and breached that duty. ***See id.***

Here, there is no dispute that Verizon suffered a loss caused by actions taken by CMT. The crux of the dispute is whether CMT breached is statutory duties in causing those losses. The statute at issue, Pennsylvania's Underground Utilities Protection Law ("UUPL") provides that it is an excavator's statutory duty to notify facility owners of their intent to excavate through the Pennsylvania One Call System ("POCS"). ***See*** 73 P.S. § 180(2.1)-(2.2). Excavators must provide information that identifies the work site and the date of the work. ***See id***.

Here, it is undisputed that CMT notified the POCS in an attempt to ensure the area they were excavating was not conflicting with utility lines. ***See*** Appellant's Brief, at 6. Further, since there is a recording of the phone call, there is no dispute as to what information CMT provided to POCS. Verizon asserted that the information CMT provided POCS was insufficient to alert

Verizon that CMT intended to excavate in D Alley. In contrast, CMT asserted that the ticket generated by POCS and given to Verizon provided sufficient notice of CMT's intent to excavate in D Alley.

Verizon's case was based largely on the content of CMT's phone call to POCS. When CMT placed the call to POCS, CMT's representative requested a POCS mark out of the intersection of W. Nittany Avenue and South Fraser Street. CMT further informed POCS that "it was working at the Memorial Field which is at the corner of [West Nittany Avenue and South Fraser Street.] … Working on all sides of the property except the [South Fraser Street] side." CMT did not explicitly tell POCS that it was excavating in D Alley.

In response, POCS generated a ticket that provided, under the heading of "Work Site" information that identified the intersection of West Nittany Avenue and South Fraser Street. Verizon's automated, cloud-based response system interpreted this statement as indicating work would only be performed at the intersection. **See** N.T., 7/26/22, at 87. Based on this location, the system determined that none of Verizon's assets were at risk. **See id.** at 91. And Verizon presented testimony from several witnesses, including an employee of POCS, to support its belief that CMT failed to provide sufficient information to POCS to allow Verizon to identify D Alley as an area where excavation would be performed. **See** N.T., 6/17/2022, at 39.

However, CMT highlighted that the POCS ticket given to Verizon also included more information. Under "Location Information", the ticket indicated that work would be performed "at the Memorial Field which is on the corner

of W Nittany Ave and S Fraser St. Site is marked but [the CMT representative] is not sure what color. Working on all sides of the property except the S Fraser St side." (unnecessary capitalization removed). Just below that, the ticket included a section titled "Mapped Type" which provided four latitude/longitude coordinates that formed a box as the boundary for the POCS request. Verizon does not dispute that its damaged equipment was located within the box drawn by POCS. **See** Appellant's Brief at 6-10. And Verizon's employee testified that Verizon's automated response system did not utilize the "Location Information" or latitude/longitude coordinates in assessing whether Verizon needed to respond to CMT's request. **See** N.T., 7/25/22, at 99. Verizon's employee conceded that no human ever reviewed the ticket generated by POCS. **See id.** at 97. Further, he conceded that if a human had reviewed the ticket, they would have realized that the proposed worksite covered more than the intersection reviewed by the automated response system. **See id.** at 100.

Under these circumstances, it is clear that the jury's primary task was to determine whether Verizon was justified in relying on only part of the information contained in the POCS ticket. As noted by the trial court, there was conflicting evidence presented at trial on this issue, including expert opinion from both parties. **See, e.g.,** N.T., 7/26/22, at 17 (CMT's expert opining that the information CMT provided to POCS complied with UUPL's requirements to identify where it planned to excavate); N.T., 9/15/2, at 29

- 5 -

(Verizon's expert opining that CMT did not comply with the UUPL requirement to provide POCS with exact information about where excavation was planned).

We cannot conclude that the trial court abused its discretion in denying Verizon a new trial based on this record. Verizon has failed to persuade us that the evidence was so shockingly one-sided that only an irrational court would refuse to grant a new trial. As this is the only issue raised by Verizon on appeal, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/03/2024